| | |
|---|---|
| SIERRA JOHNSON<br>3501 Edgewood Road<br>Baltimore, Maryland 21215, | * IN THE |
| *Plaintiff,* | * CIRCUIT COURT |
| | * OF |
| v. | * MARYLAND |
| BALTIMORE COUNTY, MARYLAND,<br><u>Serve On:</u><br>  James R. Benjamin Jr., County Attorney<br>  400 Washington Avenue<br>  Towson, Maryland, 21204, | * FOR<br>* BALTIMORE COUNTY<br>* Case No.: C-03-CV-20-001144 |
| *Defendant.* | * |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Sierra Johnson, Plaintiff, by John B. Stolarz, her attorney, sues Baltimore County, Maryland, and says:

1. Defendant Baltimore County, Maryland hired the Plaintiff, Sierra Johnson in 2016, to work as a Correctional Officer in the Baltimore County Detention Center.

2. The Plaintiff requested medical leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, for a serious chronic serious medical condition.

3. Plaintiff's chronic serious medical condition was also a disability within the meaning of SG, § 20-601. Plaintiff's impairment limited one or more of Plaintiff's major life activities such as, but not limited to working, caring for oneself, performing manual tasks and socializing, and engaging in recreations within the meaning of COMAR § 14.03.02.02(B)(6)(b).

4. After Plaintiff returned from the medical leave, Plaintiff's supervisors began to intentionally harass the Plaintiff. Examples of the harassment included random searches of her person and property, false accusations of bringing contraband into the detention facility, threats of termination, and undue scrutiny of her work.

5. The intentional harassment of Plaintiff, as aforesaid, was brought about to make Plaintiff's work unbearable with the intent that Plaintiff leave employment with the

detention center.

6. The intentional harassment by her supervisors became so unbearable that Plaintiff feared coming into work at the detention center.

7. Rather than face to constant harassment, Plaintiff resigned on August 31, 2018.

8. Plaintiff filed a Charge of Discrimination disability discrimination and retaliation on May 29, 2019.

## COUNT ONE
### Interference with FMLA Rights

9. The foregoing paragraphs are incorporated herein.

10. Defendant is an "employer" required to provide FMLA leave pursuant to 29 U.S.C. § 2611(4), and Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. §2611(2).

11. The intentional harassment of the Plaintiff, as aforesaid, constitutes unlawful interference with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

12. As a result of the intentional harassment, the Plaintiff has been damaged by the loss of wages she could have earned had she not been forced to resign.

Wherefore, Plaintiff requests:

a. Full back pay and fringe benefits until she obtained new employment;

b. Liquidated damages equal to the lost back pay and fringe benefits.

c. Attorneys' fees and costs of litigation.

d. Prejudgment interest; and

e. Other and further relief as the Court deems just and proper.

## COUNT TWO
### Retaliation for Exercising FMLA Rights

13. The foregoing paragraphs are incorporated herein.

14. The intentional harassment of the Plaintiff, as aforesaid, because she exercised, or attempted to exercise her rights to take leave under the Family Medical Leave Act, constitutes retaliation in violation of 29 U.S.C. § 2615(a)(2).

15. As a result of the retaliation, the Plaintiff has been damaged, as aforesaid.

Wherefore, Plaintiff requests:

a. Full back pay and fringe benefits until she obtained new employment;

b. Liquidated damages equal to the lost back pay and fringe benefits.

c. Attorneys' fees and costs of litigation.

d. Prejudgment interest; and

e. Other and further relief as the Court deems just and proper.

## COUNT THREE
### Violation of Maryland State Gov't Article, § 20-606

16. The foregoing paragraphs are incorporated herein.

17. Plaintiff was a qualified individual with a disability because Plaintiff could perform the essential functions of her position with a reasonable accommodation.

18. The harassment by Plaintiff's supervisors, as aforesaid, was intentional discrimination in violation of Maryland State Gov't Article, § 20-606, et. seq.

19. As a result of Plaintiff's unlawful conduct, the Plaintiff was damaged and caused to lose wages and benefits she would have earned with continued work for the Defendant, and caused to incur other expenses. Further, the Plaintiff was caused to suffer emotional distress including, but not limited to severe depression, anxiety and mental anguish, embarrassment and humiliation over the termination.

Wherefore, Plaintiff requests:

a. Full back pay and fringe benefits;

c. An award of compensatory damages for emotional distress on account of Defendants' unlawful conduct in the amount of $ 300,000.00;

d. Punitive damages in the amount of $ 500,000.00;

e. Attorneys' fees and costs of litigation.

f. Prejudgment interest; and

g. Other and further relief as the Court deems just and proper.

## COUNT THREE
### Wrongful Discharge

20. The foregoing paragraphs are incorporated herein.

21. Plaintiff was forced to resign from her position with the Defendant because the conditions of employment became unbearable.

22. As a result of Plaintiff's unlawful conduct, the Plaintiff was damaged and caused to lose wages and benefits she would have earned with continued work for the Defendant, and caused to incur other expenses. Further, the Plaintiff was caused to suffer emotional distress including, but not limited to severe depression, anxiety and mental anguish, embarrassment and humiliation over the termination.

Wherefore, Plaintiff requests:

a. Full back pay and fringe benefits;

c. An award of compensatory damages for emotional distress on account of Defendants' unlawful conduct in the amount of $ 300,000.00;

d. Punitive damages in the amount of $ 500,000.00;

e. Attorneys' fees and costs of litigation.

f. Prejudgment interest; and

g. Other and further relief as the Court deems just and proper.

/s/ John B. Stolarz
John B. Stolarz
CPF No.: 7911010330
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200
(410) 372-0529 (fax)
stolarz@verizon.net

Attorney for Plaintiff

W:\5341\Pleading\Complaint.wpd